IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JILL MOLNAR and BRIAN MOLNAR, )<br>Individually and as parents )<br>and Next Friends of, )<br>HOLDEN MOLNAR, a minor, )<br>  )<br>  Plaintiffs, )<br>  )<br>v.  ) | No. 2:14-CV-02544 STA-dkv |
| )<br>SHELBY COUNTY BOARD OF )<br>EDUCATION, )<br>CLANCEY PATTERSON, )<br>KASANDRA BERRY, )<br>THOMAS McCLELLAN, and )<br>JENNIFER RAGLAND, )<br>  )<br>  Defendants. ) | |

_____

ORDER DENYING DEFENDANTS' MOTION TO AMEND,
GRANTING PLAINTIFFS' MOTION TO REMAND, AND
DENYING PLAINTIFFS' SUPPLEMENTAL MOTION FOR FEES

_____

Three motions are before the Court. The action originated in state court, and the Defendant Shelby County Board of Education ("SCBE") thereafter filed a Notice of Removal (ECF No. 1). On August 15, 2014, the Plaintiffs filed a Motion to Remand to State Court (ECF No. 25). After the Court directed the Defendants to respond to the Motion to Remand, the Defendants instead chose to file a Motion for Leave to Amend their Notice of Removal (ECF No. 38). The Plaintiffs filed a Response to that Motion,[1] as well as a Supplemental Motion

---

[1] The Defendants asked the Court for leave to file a reply to the Plaintiffs' Response to Defendants' Joint Motion to Amend/Correct the Notice of Removal. (ECF No. 42). The Plaintiffs opposed that Motion. (ECF No. 44). Normally, this Court allows replies; however, in this case, the Court notes that the Defendants did not ever actually respond to the Motion to

1

Requesting Fees in Connection with an Order to Remand (ECF No. 41). For the reasons stated below, the Defendants' Motion for Leave to Amend the Notice of Removal is **DENIED**. The Plaintiffs' Motion to Remand to State Court is **GRANTED**, and the Plaintiffs' Supplemental Motion Requesting Fees is **DENIED**.

## BACKGROUND

The Plaintiffs in this case originally filed suit in Shelby County Circuit Court on April 4, 2014. Before and on that same date, Defendants state, Plaintiffs also filed two "companion cases"—one in the Shelby County Circuit Court, and one in this Court—against all or some of the Defendants. (*See* Joint Mot. for Leave to Amend Notice of Removal ¶ 1–3, ECF No. 38). SCBE filed its Notice of Removal on July 16, 2014, but did not indicate that Defendants Berry, McClellan, Ragland, or Patterson consented to such removal. (*Id.* ¶ 5). The next day, SCBE also filed a notice of removal in the other "companion" state-court action. Defendant states that "[p]rior to filing the removal notices, counsel for SCBE and [Defendant] Berry attempted to communicate with [Defendant] Patterson regarding removal issues" in the state-court actions, "but Patterson was unwilling to communicate with any counsel." (*Id.* ¶¶ 7–8). The "consenting" Defendants attempted to reach Patterson, but they were unable to speak with her until she hired counsel on or about September 18, 2014.[2] (*Id.*). After some defendants filed responsive pleadings (ECF Nos. 21, 24) and a Motion to Dismiss for Failure to State a Claim (ECF No. 23),

---

Remand, as they were ordered. (*See* ECF No. 33). Instead, they filed a Joint Motion to Amend/Correct the Notice of Removal. (ECF No. 38). In that Motion, the Defendants made arguments responding to the Defendant's Motion to Remand. Thus, granting a "reply" here would be more akin to granting a sur-reply. The Defendants' Motion to File a Reply is therefore **DENIED**.

[2] Defendants state that Patterson has a case pending in the Shelby County Criminal Court, and based on the charges pending in that matter, Patterson would not discuss this action with any attorneys in this matter. Joint Mot. for Leave to Amend Notice of Removal ¶¶ 8–9, ECF No. 38).

Plaintiffs filed their Motion to Remand on August 15, 2014, arguing that the unanimity rule requires unanimous consent to removal. Now, essentially in response to Plaintiffs' Motion to Remand, Defendants seek leave to amend their Notice of Removal due to "extraordinary circumstances."

## DISCUSSION

**I. Improper Removal and Amending the Notice of Removal**

Under 28 U.S.C. § 1446(b)(2), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."[3] After the case is removed to federal court, a motion to remand based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."[4] The Plaintiffs timely asked the Court to remand the case because the Defendants failed to satisfy the "unanimity rule." The Sixth Circuit follows the rule of unanimity, which "demands that all defendants must join in a petition to remove a state case to federal court."[5] Defendants may satisfy the rule in three ways: "(1) join in the removal, (2) file a written consent to removal, or (3) oppose a motion to remand."[6] Defendants must obtain such unanimous consent "within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable," and the failure to do so

---

[3] 28 U.S.C. § 1446(b)(2).

[4] 28 U.S.C. § 1447(c). The Plaintiffs timely filed their Motion to Remand.

[5] *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

[6] *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 501(6th Cir. 2010).

"forecloses the opportunity for removal under Section 1446."[7] The court may not raise the issue of unanimity on its own, and "a party must raise a defect in the removal procedure within thirty days of removal."[8] Lastly, federal courts must construe statutes of removal jurisdiction strictly "because removal jurisdiction encroaches on a state court's jurisdiction."[9] Thus, "[t]he removing party bears the burden of proving that removal is proper."[10]

SCBE was the last Defendant originally served, and it filed a Notice of Removal on July 16, 2014. The Notice, however, did not contain any statement representing consent of the other Defendants. None of the Defendants formally opposed the motion, but none consented by joining the motion by written consent within 30 days of service. The Plaintiff then properly filed a Motion to Remand within 30 days of the filing of the Notice of Removal. In *Daniel v. Anderson County Emergency & Rescue Squad*, the District Court for the Eastern District of Tennessee considered similar facts. As in this case, the defendants in *Daniel* argued that counsel for one of the defendants "had not yet made an appearance in the case at the time of removal and, thus, could not be consulted."[11] The *Daniel* defendants even provided oral consent prior to the removal and then filed notices of consent outside the 30-day consent deadline.[12] Nevertheless, the Court found that the notice of removal was procedurally defective in not satisfying the rule of

---

[7] *Loftis*, 342 F.3d at 516 (citing *Murphy Bros., Inc. v. Michetti Pipe Stinging, Inc.*, 526 U.S. 344, 354 (1999)).

[8] *Hill v. City of Memphis*, No. 12-2191, 2012 U.S. Dist. LEXIS 75862, at *5 (citing *Loftis*, 342 F.3d at 516–17; 28 U.S.C. § 1447(c)).

[9] *Daniel v. Anderson Cnty. Emergency & Rescue Squad*, 469 F. Supp. 2d 494, 496 (E.D. Tenn. 2007).

[10] *Id.*

[11] *Daniel*, 469 F. Supp. 2d at 496.

[12] *Id.* at 497.

unanimity. The Defendants in the instant case have likewise failed to comply with the unanimity rule. Defendants argue that some defendants—Berry, Ragland, and McClellan—orally consented to the notice, and that Defendant Patterson would have consented but failed to do so because of an ongoing criminal proceeding. Neither of these excuses justifies the Court's straying from removal jurisprudence firmly established in this Circuit, as noted above.

Essentially conceding the lack of all parties' consent in the Notice of Removal, Defendants then argue that the court should allow them to amend the Notice of Removal filed by SCBE to reflect the consent of all parties. Defendants cite opinions from other circuits that discuss a court's discretion to permit the amendment of a notice of removal after the expiration of the 30-day consent period.[13] But even with such discretion, courts are unlikely to grant leave to amend except in "extraordinary circumstances."[14] Defendants argue that this is an extraordinary circumstance because one of the non-consenting defendants currently has criminal charges pending. They also argue that this Court should not remand the case to state court in the interest of judicial economy, as two additional "companion cases" are currently before courts in this District. The Defendants wish to avoid the expense of discovery and litigation in two separate courts. But without any precedent in this Circuit, the Court declines to hold that the circumstances in this case are so extreme such that judicial economy and efficiency should trump the strict construction of removal statutes, the unanimity rule, and the jurisdiction of the state

---

[13] *See, e.g.*, *Cacoilo v. Sherwin* ("In answering the question of whether a removal petition can be amended to correct a procedural deficiency, courts in this District have held, 'generally speaking, that a court has discretion to permit the amendment of a notice of removal after the thirty day period in the interests of justice or judicial economy.'" (quoting *Pinnacle Choice, Inc. v. Silverstein*, No. 07-5857, 2008 U.S. Dist. LEXIS 36786, at *15 (D.N.J. May 6, 2008))).

[14] *Id.* (citing *Pinnacle Choice*, 2008 U.S. Dist. LEXIS 36786, at *15).

court. Thus, the Defendants' Motion for Leave to Amend their Notice of Removal is **DENIED**, and the Plaintiffs' Motion to Remand is **GRANTED**.

**II. Plaintiffs' Supplemental Motion for Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal."[15] Although the Court need not find that the Defendant acted with bad faith to support an award under the statute,[16] awards of attorney's fees are normally based upon a finding of the defendant's unreasonableness regarding alleged federal jurisdiction when attempting to remove. Although the statute does not preclude a court's discretion to impose fees as a result of procedural defects in the notice of removal, the defective notice of removal is not so unreasonable in this case so as to warrant the imposition of fees.

The Plaintiff cites *Martin v. Franklin Capital Corp.* for the proposition that attorney's fees are appropriate "where the removing party lacked an objectively reasonable basis for seeking removal."[17] The Supreme Court also held in that case that

> the appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.[18]

The Defendants in *Martin*, however, sought to remove the case without any objective reason for believing that federal jurisdiction existed. In this case, the Plaintiff has made no argument that

---

[15] 28 U.S.C. § 1447(c).

[16] *Morris v. Bridgestone/Firestone*, 985 F.2d 238, 240 (6th Cir. 1993).

[17] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[18] *Id.* at 140.

this Court would not have had federal-question jurisdiction in the absence of the procedural defects described above. Thus, SCBE's attempt to remove was objectively reasonable, at least as to jurisdiction. The Defendants recognized the failure of unanimity and sought this Court's approval to amend the Notice of Removal. While the Court is unwilling to allow the amendment, the Defendants did make cognizable arguments, albeit under law from other Circuits. Furthermore, the Plaintiffs have not alleged that the Defendants are simply attempting to prolong litigation or to impose costs on the Plaintiffs.

Generally, courts may award fees under 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."[19] Finally, when awarding fees, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."[20] The removing party had an objectively reasonable basis for seeking removal, and despite the procedural defects in the Notice of Removal, the Court declines to impose fees. The Plaintiffs' Supplemental Motion for Fees is **DENIED**.

## CONCLUSION

For the reasons stated above, the Defendants' Joint Motion for Leave to Amend the Notice of Removal (ECF No. 38) is **DENIED**, and the Plaintiffs' Motion to Remand to State Court (ECF No. 25) is **GRANTED**. Finally, the Plaintiffs' Supplemental Motion Requesting Fees (ECF No. 41) is **DENIED**.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT COURT

                                          Date: December 19, 2014

---

[19] *Id.* at 141.

[20] *Id.*